JS-6

1  Scott B. Cooper (State Bar No. 174520)
   **THE COOPER LAW FIRM, P.C.**
2  scott@cooper-firm.com
   2030 Main Street, Suite 1300
3  Irvine, California 92614
   Telephone:  (949) 724-9200
4  Facsimile:  (949) 724-9255

5  Roger Carter (State Bar No. 140196)
   **THE CARTER LAW FIRM**
6  rcater@carterlawfirm.net
   2030 Main Street, Suite 1300
7  Irvine, California 92614
   Telephone:  (949) 260-4737
8  Facsimile:  (949) 260-4754

9  Richard Quintilone II (State Bar No. 200995)
   **QUINTILONE & ASSOCIATES**
10 req@quintlaw.com
   22974 El Toro Road, Suite 100
11 Lake Forrest, CA 92630-4961
   Telephone:  (949) 458-9675
12 Facsimile:  (949) 458-9679

13 Attorneys for Plaintiff and the Certified Class

14

15

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| MELISSA JACKSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THARALDSON LODGING I, INC., et al.,<br><br>Defendants. | Case No. SACV 08-0400 DOC (MLGx)<br><br>**[PROPOSED] JUDGMENT AND ORDER OF FINAL APPROVAL AND DISMISSAL** |

The Court has received and considered the Stipulation of Class Action Settlement between Plaintiff Melissa Jackson ("Plaintiff") and Defendants Tharaldson Lodging I, Inc. and Tharaldson Employee Management Co. ("Defendants") (together hereinafter the "Parties") filed with the Motion for Preliminary Approval on April 3, 2009 (hereinafter the "Settlement Agreement"); has previously granted preliminary approval of the class action settlement that provided for conditional class certification; has been informed by declarations that notice of the Settlement has been given to the Settlement Class; has held a fairness hearing at which all Parties appeared by their counsel and at which the Settlement Class Members were afforded the opportunity to object to the proposed settlement; has received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate, reasonable and in the best interests of the represented Settlement Class; and has considered all other arguments and submissions in connection with the proposed settlement.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the Preliminary Approval Order, Notice was sent to each Class Member by first-class mail. The Claims Administrator took reasonable steps to provide the Notice to Class Members when it learned that the address to which those documents were mailed was no longer accurate. The Notice documents informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement. Notice was provided with ample time for the Class Members to follow these procedures.

///
///

2. The Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement. The Court finds that the Notice provided notice to all persons entitled to such notice in this case, was the best notice practicable, and, therefore, fully satisfied the requirements of due process.

3. Solely for the purposes of effectuating the Settlement, the Court hereby certifies the Class, as defined in the Settlement Agreement, as all persons who were employed in any non-exempt position at any of the following properties which were managed by Defendants in the state of California between February 6, 2004 and April 15, 2009: Corona Residence Inn, Folsom Residence Inn, Morgan Hill Residence Inn, Palmdale Residence Inn, Rancho Cordova Residence Inn, Roseville Residence Inn, Salinas Residence Inn, San Bernardino Residence Inn, Vacaville Residence Inn, Rancho Cordova Hampton Inn, Rancho Cucamonga Hilton Garden Inn, Rancho Cucamonga Homewood Suites, Roseville Fairfield Inn, Roseville Homewood Suites, San Bernardino Fairfield Inn & Suites, Tracy Fairfield Inn, Tracy Hampton Inn, Vacaville Fairfield Inn or Visalia Fairfield Inn (the "Class" or "Class Members"). For the reasons stated in the Preliminary Approval Order and solely for the purposes of effectuating the Settlement, this Court finds that the Class meets the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23").

4. The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and is hereby finally approved in all respects. The Court makes this finding based on a weighing of the strength of Plaintiff's claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length

1 negotiations between experienced counsel representing the interests of the Class and
2 Defendants, after thorough factual and legal investigation.  In granting final approval
3 of the Settlement, the Court considered the nature of the claims, the amounts and
4 kinds of benefits paid in settlement, the allocation of settlement proceeds among the
5 Class Members, and the fact that the Settlement represents a compromise of the
6 Parties' respective positions rather than the result of a finding of liability at trial.
7 Additionally, the Court finds that the terms of the Settlement have no obvious
8 deficiencies and do not improperly grant preferential treatment to any individual
9 Class Member.  The Court further finds that the response of the Class to the
10 Settlement supports final approval of the Settlement.  Specifically, no Class Member
11 objects to the Settlement.  Accordingly, pursuant to Rule 23(e), the Court finds that
12 the terms of the Settlement are fair, reasonable, and adequate to the Class and to each
13 Class Member.  *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003).  The Court also
14 hereby finds that Plaintiff has satisfied the standards and applicable requirements for
15 final approval of this class action settlement under Rule 23.

16    5.    The Court orders the Parties to implement, and comply with, the terms
17 of the Settlement Agreement, including those terms relating to payment of claims
18 (*see* Paragraph 10 of the Settlement Agreement).

19    6.    The Court authorizes and directs the Claims Administrator to calculate
20 and pay the claims of all Participating Claimants in accordance with the terms of the
21 Settlement Agreement.

22    7.    The unopposed application of Class Counsel for attorneys' fees and
23 costs is hereby granted.  Payment of $484,500 in attorneys' fees and $16,905.08 in
24 litigation costs shall be made to The Cooper Law Firm, P.C., The Carter Law Firm
25 and Quintilone & Associates ("Class Counsel") as provided for in the Settlement
26 Agreement.

27    8.    The Claims Administrator, Rust Consulting, Inc. shall be paid $34,500
28 for the cost and expense associated with administration of the settlement claims

process, in accordance with the terms of the Settlement Agreement, and awards $15,000 to the Class Representative, Melissa Jackson.

9. The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Settlement, hereby enters judgment approving the terms of the Settlement Agreement and ordering that the Lawsuit be dismissed on the merits with prejudice in accordance with the Settlement. The Complaint is dismissed on the merits with prejudice on a class-wide basis. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

10. Without affecting the finality of the Settlement or the Judgment in any way, the Court shall retain exclusive and continuing jurisdiction over this Lawsuit and the Parties, including all Class Members, for the purposes set forth in the Settlement.

IT IS SO ORDERED.

Dated:  September 30, 2009

_David O. Carter_
Honorable David O. Carter
Judge, United States District Court